1   Michael Westheimer, State Bar No. 178938
    Angela McIsaac, State Bar No. 285182
2   **Baker & McKenzie LLP**
    660 Hansen Way
3   Palo Alto, California  94304
    Telephone: +1 650 856 5572
4   Facsimile:   +1 650 856 9299
    Email:     Michael.Westheimer@bakermckenzie.com
5   Email:     Angela.McIsaac@bakermckenzie.com

6   Attorneys for Defendant
    PAE GOVERNMENT SERVICES, INC.

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  DENIA DUFFY,                          **Case No.  CV12-7258 JFW(SHX)**

12          Plaintiff,                    **DEFENDANT'S MEMORANDUM
                                          OF POINTS AND AUTHORITIES
13      v.                                IN SUPPORT OF MOTION TO
                                          DISMISS ACTION FOR
14  PAE GOVERNMENT SERVICES,              IMPROPER VENUE, OR
    INC.,                                 ALTERNATIVELY, TO
15                                        TRANSFER ACTION TO
            Defendant.                    EASTERN DISTRICT OF
16                                        VIRGINIA

17                                        **Date:    March 4, 2013**
                                          **Time:   1:30 p.m.**
18                                        **Courtroom: 16 - Spring Street Floor**
                                          **Judge:  Hon. John F. Walter**
19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 5572

487406-v9\PALDMS                                    CASE NO. CV12-7258 JFW (SHX)
                              DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

# TABLE OF CONTENTS

**Page**

\I.     INTRODUCTION ........................................................................................ 1

II.    STATEMENT OF FACTS ......................................................................... 2

III.   PROCEDURAL HISTORY ....................................................................... 3

IV.    ARGUMENT ............................................................................................. 4

    A.    Plaintiff's Action Should Be Dismissed or Transferred Because
        Venue Is Improper in this District .................................................... 4

        1.    Title VII's Venue Statute Governs Venue of this Action .............. 4

        2.    Under Title VII's Venue Statute, Venue Is Improper in the
             Central District of California ........................................................ 6

        3.    The Interest of Justice Do Not Support Transfer of this
             Action in Lieu of Dismissal ......................................................... 7

        4.    If the Action Is Not Dismissed, the Proper Forum for
             Transfer Is the Eastern District of Virginia .................................. 7

    B.    Even if this Court Were to Find Venue Is Proper in this District,
        the Action Should Still Be Transferred to the Eastern District of
        Virginia for Convenience ................................................................ 8

        1.    The Convenience of the Parties Favors Transfer to the
             Eastern District of Virginia .......................................................... 8

        2.    The Convenience of the Witnesses Favors Transfer to the
             Eastern District of Virginia .......................................................... 9

        3.    The Interests of Justice Favor Transfer to the Eastern
             District of Virginia ..................................................................... 10

V.    CONCLUSION ....................................................................................... 12

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 5572

487406-v9\PALDMS

i

CASE NO. CV12-7258 JFW (SHX)
DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

1

## TABLE OF AUTHORITIES

2

**Page**

3

### CASES

4

5

*Airola v. King,* 505 F.Supp. 30 (D. Ariz. 1980) ............................................................4

6

*Black v. City of Newark*, 535 F.Supp.2d 163 (D.D.C. 2008) ......................................4

7

8

*Bolar v. Frank*, 938 F.2d 377 (2nd Cir. 1991)..............................................................5

9

*Commodity Futures Trading Com'n. v. Savage*, 611 F.2d 270 (9th Cir.
    1979) ...............................................................................................................................8

10

11

*Ellis v. Costco Wholesale Corp*., 372 F.Supp.2d 530 (N.D. Cal. 2005) ...................10

12

*Ex parte Collett*, 337 U.S. 55 (1949) ............................................................................8

13

14

*Foxx v. Dalton*, 46 F.Supp.2d 1268 (M.D. Fla. 1999)..................................................7

15

16

*Hatch v. Reliance Ins. Co*., 758 F.2d 409, 414 (9th Cir. 1985) ..................................8

17

*Hayes v. RCA Serv. Co*., 546 F.Supp. 661 (D. D.C. 1982) ........................................5

18

19

*Horseshoe Entertainment*, 337 F.3d 429 (5th Cir. 2008) .............................................9

20

*In Re Apple*, 602 F.3d 909 (8th Cir. 2010) ................................................................11

21

22

*James v. Booz-Allen & Hamilton, Inc*., 227 F.Supp.2d 16 (D. D.C. 2002)...................5

23

*Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586 (9th Cir.
    1991) ...............................................................................................................................5

24

25

*Jones v. GNC Franchising, Inc*., 211 F.3d 495 (9th Cir. 2000) .............................8, 10

26

27

*Kravec v. Chicago Pneumatic Tool Co*., 579 F.Supp. 619 (N.D. Ga.
    1983) ...............................................................................................................................6

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 5572

ii

487406-v9\PALDMS

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Los Angeles Memorial Coliseum Com'n v. NFL*, 89 F.R.D. 497 (C.D. Cal. 1981) ...................................................................................................... 8

*Nichols v. G.D. Searle & Co.*, 991 F.2d 1195 (4th Cir. 1993) ...................................... 7

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) ...................................... 11

*Reiffin v. Microsoft Corp.*, 104 F.Supp.2d 48 (D. D.C. 2000) ...................................... 11

*Simon v. Ward*, 80 F.Supp.2d 464 (E.D. Pa 2000) ...................................... 4

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988) ...................................... 8

*Trujillo v. Total Bus. Sys., Inc.*, 704 F.Supp. 1031 (D. Colo.1989) ............................ 6

*Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515 (9th Cir. 1983) ................................................................................................. 7

## STATUTES

28 U.S.C. § 1391 ...................................................................................................... 5

28 U.S.C. § 1404(a) ...................................................................................................... 8

28 U.S.C. § 1406(a) ................................................................................................. 4, 7

42 U.S.C. § 1981 ................................................................................................. 4, 5

42 U.S.C. § 2000e-16(d) ...................................................................................... 5

42 U.S.C. § 2000e-2(a) ...................................................................................... 4

42 U.S.C. § 2000e-5 ................................................................................................. 5, 6

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 5572

487406-v9\PALDMS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES
### (continued)

**Page**

42 U.S.C. § 2000e-5(f)(3) ............................................................................ 1, 5, 6

42 U.S.C. §§ 1981 ............................................................................................ 5

## OTHER AUTHORITIES

I.R.C. § 911(d)(1)(B) ...................................................................................... 9

Internal Revenue Code Section 911(d)(1)(B) ................................................. 9

## RULES

Fed. R. Civ. P. 12 (b)(3) ................................................................................. 4

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 5572

iv

CASE NO. CV12-7258 JFW (SHX)
DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

# I.     INTRODUCTION

Defendant PAE Government Services, Inc. ("PAE") moves to dismiss the above-captioned action filed by Plaintiff Denia Duffy ("Plaintiff") for improper venue, or in the alternative, to transfer the action to the Eastern District of Virginia because that is the proper venue and a far more convenient forum.

In this action, Ms. Duffy alleges employment discrimination in connection with her former employment with PAE in 2007-08.  Her lawsuit has no connection to California.  At all relevant times, Ms. Duffy was a resident of Texas and worked for PAE in Djibouti, Africa.  Ms. Duffy never worked for PAE in California.  Further, PAE currently has no offices in California.  PAE is headquartered in Arlington, Virginia, and at all relevant times its human resources functions were handled out of its Virginia offices.  PAE also has no relevant documents or records located in California.  Rather, Ms. Duffy's personnel records and documents related to her former employment are maintained in Virginia.  To the best of the company's knowledge, moreover, there are no potential witnesses located in California.  Some potential witnesses are located in or near Virginia, or overseas in Djibouti.

The governing venue statute for this action is 42 U.S.C. § 2000e-5(f)(3), which applies to actions brought under Title VII of the Civil Rights Act.  Under that statute, this District is an improper venue for Plaintiff's dispute and the action therefore should be dismissed.  Alternatively, the action should be transferred to the Eastern District of Virginia, the proper venue based on the location of PAE's principal office and where the relevant employment records are maintained.

Even if the Court were to find this District is a proper venue, which PAE disputes, the action nonetheless should be transferred to Eastern District of Virginia for the convenience of the parties, convenience of witnesses, and in the interests of justice.  It would be highly disruptive and inconvenient to PAE and potential witnesses − especially those who are U.S. residents stationed overseas − for the action to proceed in California rather than Virginia.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 5572

487406-v9\PALDMS

## II.    STATEMENT OF FACTS

PAE supports its customer, the U.S. military, with mission readiness, peacekeeping, global infrastructure support and disaster relief, including providing base operations support for the U.S. military at Camp Lemonnier in Djibouti, Africa. Declaration of Iris Chelle Berry ("Berry Decl."), ¶ 4.

Plaintiff was formerly employed with PAE on a one-year contract, from August 2007 to August 2008. *Id.* at ¶ 3; First Amended Complaint ("Complaint"), ¶ 7. Throughout her employment, Plaintiff worked in Djibouti, Africa. Berry Decl., ¶ 4; Complaint, ¶¶ 8, 11. All unlawful acts alleged in the Complaint are alleged to have occurred in Djibouti, Africa. *Id.* at ¶ 5; Complaint, *passim.*

Throughout her employment and at the time she filed her Complaint, Plaintiff was a resident of Texas. Berry Decl., ¶ 4; Complaint, ¶ 4.

During the time period of Plaintiff's employment, PAE was a wholly-owned subsidiary of Lockheed Martin Corporation ("Lockheed") and was headquartered in Los Angeles, California. Berry Decl., ¶ 3. However, Plaintiff never performed any work for PAE in California. *Id.* at ¶ 4. According to PAE's standard pre-employment and employment procedures, Plaintiff would not have signed her employment agreement in California, nor traveled to California for any work-related purpose. *Id.*

In April 2011, a private equity firm located in New York City purchased PAE from Lockheed. *Id.* at ¶ 3. In early 2011, PAE relocated its corporate headquarters from California to its current location in Arlington, Virginia. Berry Decl., ¶¶ 2-3. PAE's Virginia headquarters are the company's nerve center where PAE's Chief Executive Officer, Chief Operations Officer and Chief Financial Officer are based and where the company's business activities are directed, controlled and coordinated. *Id.* at ¶ 2. Since then, PAE no longer has any offices in California. *Id.* at ¶ 3.

PAE does not maintain any records, documents or evidence in California related to Ms. Duffy's former employment. Berry Decl., ¶ 6. Rather, Ms. Duffy's personnel files and records related to her former employment are maintained at the

2

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 5572

487406-v9\PALDMS

CASE NO. CV12-7258 JFW (SHX)
DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

Virginia headquarters. *Id.*

To the best of the company's knowledge, no potential witnesses with knowledge of Ms. Duffy's former employment are located in California. *Id.* at ¶ 7. Some potential witnesses are located in or near Virginia, and others are stationed in Djibouti and other overseas locations. *Id.*

If this action were to proceed in California rather than Virginia, appearing for trial would cause substantial disruption to PAE and most of the potential witnesses. *Id.* at ¶ 8. Proceeding in California would require the company to transport witnesses and documents thousands of miles across the country to California, in lieu of the vicinity of its headquarters where the relevant records are maintained and some potential witnesses are located. *Id.* Further, for witnesses who are U.S. residents stationed overseas, requiring them travel to California instead of Virginia for trial would be highly inconvenient and disruptive. *Id.* at ¶ 9. Some of those employees manage the amount of time they spend in the U.S. very carefully out of concern for unfavorable tax consequences if they are present in the U.S. for longer than a very short period of time each year. *Id.* Were the action to be venued in Virginia, employees stationed overseas would be able to fly directly in and out of Washington, D.C. *Id.* By contrast, a California venue would require them to then take a cross-country flight from the East Coast, which would be an undue hardship because it likely would subtract from the very limited number of days they would have available to spend time with their families without adverse tax consequences. *Id.*

## III.   PROCEDURAL HISTORY

Plaintiff commenced this action against PAE on August 23, 2012, in this Court. On December 18, 2012, Plaintiff filed a First Amended Complaint ("Complaint"), which is the operative version.[1] On December 19, 2012, Plaintiff served the Complaint on PAE.

---

[1]  Although Plaintiff titled it a "Verified" Complaint, the document PAE received is signed only by her attorney and does not include any verification by Plaintiff.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 5572

3

487406-v9\PALDMS

CASE NO. CV12-7258 JFW (SHX)
DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

The Complaint pleads two cause of action.  The First Claim for Relief is pled under 42 U.S.C. § 1981.  The Second Claim for Relief is pled under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a).  On January 3, 2013, PAE contacted Plaintiff, through counsel, in attempts to meet and confer in an effort to resolve the venue issue.  Declaration of Michael N. Westheimer ("Westheimer Decl."), ¶ 2.  On January 8, 2013, the parties agreed to a joint stipulation to extend time to respond.  *Id.* at ¶ 3.  PAE contacted Plaintiff, through counsel, again on January 24, 2013, in a second attempt to resolve the venue issue.  *Id.* at ¶¶ 6-7.  Those efforts were unsuccessful, so on January 30, 2013, PAE filed the motion.

## IV.   ARGUMENT

### A.   Plaintiff's Action Should Be Dismissed or Transferred Because Venue Is Improper in this District

An action brought in an improper venue is subject to dismissal on a pleadings motion at the outset of the litigation.  Fed. R. Civ. P. 12 (b)(3); 28 U.S.C. § 1406(a); *Black v. City of Newark*, 535 F.Supp.2d 163, 167 (D.D.C. 2008).  Alternatively, the case may be transferred to a district in which the action could have been brought, if the Court finds that transfer is in the interest of justice.  28 U.S.C. § 1406(a).  Plaintiff bears the burden of establishing venue is proper in this forum.  *Airola v. King*, 505 F.Supp. 30, 31 (D. Ariz. 1980); *Simon v. Ward*, 80 F.Supp.2d 464, 468 (E.D. Pa 2000).   Here, the action should be dismissed because Plaintiff brought it in an improper forum and appears to be forum shopping.  If the Court finds it is in the interest of justice to transfer rather than dismiss the action, the proper forum where the action could have been brought is the Eastern District of Virginia.

### 1.   Title VII's Venue Statute Governs Venue of this Action

Under Title VII's venue statute, actions under Title VII shall be brought:

> in [1] any judicial district in the State, in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person

4

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 5572

487406-v9\PALDMS

CASE NO. CV12-7258 JFW (SHX)
DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

would have worked but for the alleged unlawful employment practice, but [4] if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.  For purposes of sections 1404 and 1406 of title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

As the Ninth Circuit has held, "Title VII also provides that '[t]he provisions of section 2000e-5(f) through (k) of this title, as applicable, shall govern' employment discrimination actions." *Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586, 587 (9th Cir. 1991), quoting 42 U.S.C. § 2000e-16(d).  "The 'shall govern' language is mandatory." *Id*. at 587, quoting *Bolar v. Frank*, 938 F.2d 377, 379 (2nd Cir. 1991).

It is correct that, in addition to her Title VII claim, Plaintiff also pleads a claim under 42 U.S.C. § 1981 − which is subject to the general venue provision of 28 U.S.C. § 1391.  This is of no consequence, however, because Title VII's specific venue provision is controlling.  "[W]ell settled principles of statutory construction dictate that the later, specific venue provision (section 2000e-5(f)(3)) applies rather than the earlier, general venue provision (section 1391[b]))." *Id*. at 587-88, quoting *Bolar*, 938 F.2d at 379.

In actions alleging claims under both Title VII and 42 U.S.C. § 1981, Title VII's specific venue provision is controlling.  "[W]hen a plaintiff brings a Title VII action under both 42 U.S.C. §§ 1981 and 2000e-5, the narrower venue provision of section 2000e-5(f)(3) controls." *James v. Booz-Allen & Hamilton, Inc.*, 227 F.Supp.2d 16, 21 (D. D.C. 2002); see also *Hayes v. RCA Serv. Co.*, 546 F.Supp. 661, 664-65 (D. D.C. 1982) (claim could not be heard in the chosen forum because venue was improper with respect to the principal claim under Title VII, and the claim under 42 U.S.C. § 1981 was only secondary); *Trujillo v. Total Bus. Sys., Inc.,* 704 F.Supp. 1031, 1032 (D. Colo.1989) (a plaintiff must bring discrimination claims under 42 U.S.C. §§ 1981

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 5572

487406-v9\PALDMS

and 2000e where venue lies under 42 U.S.C. § 2000e-5(f)(3)); *Kravec v. Chicago Pneumatic Tool Co.*, 579 F.Supp. 619, 622 (N.D. Ga. 1983) (the more specific venue provisions of Title VII supersede other claims).

### 2.  Under Title VII's Venue Statute, Venue Is Improper in the Central District of California

Here, Plaintiff cannot satisfy any of Title VII's  criteria for the action to be venued in this District.

First, no unlawful employment practices are alleged to have occurred in California.  Rather, all of the unlawful employment practices are alleged to have occurred in Djibouti, Africa.  Complaint, ¶¶ 8, 11, *passim*; Berry Decl. at ¶ 5.  Although Plaintiff makes a conclusory assertion that she was "hired" in 2007 at PAE's former office in Los Angeles, *see* Complaint, ¶¶ 7-8, she does not allege that her hiring constituted an unlawful employment practice.

Second, no employment records relevant to the alleged unlawful employment practices are maintained in California.  Berry Decl., ¶ 6.  PAE currently has no offices in California.  *Id.* at ¶ 3.  The relevant employment records are maintained at PAE's Virginia headquarters.  *Id.* at ¶ 6.

Third, Plaintiff would not have worked in California but for the alleged unlawful employment practices.  Throughout her employment, Plaintiff worked in Djibouti, Africa.  Complaint, ¶¶ 8, 11; Berry Decl., ¶ 4.  Plaintiff never worked in California for PAE, and never traveled to California for any work-related purpose.  *Id.*

Fourth, PAE's principal office is not located in California.  PAE's principal office − its headquarters and nerve center − is located in Arlington, Virginia.  Berry Decl., ¶ 2.  PAE currently has no offices in California.  *Id.* at ¶ 3.[2]

Since Plaintiff cannot satisfy any of Title VII's criteria for venue in the Central

---

[2]  Although PAE is incorporated in the State of California, the defendant's state of incorporation is not a factor under Title VII's venue provision and therefore is irrelevant. *See* 42 U.S.C. § 2000e-5(f)(3).

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 5572

487406-v9\PALDMS

District of California, this action has been brought in an improper forum and must be dismissed or transferred.

### 3.    The Interest of Justice Do Not Support Transfer of this Action in Lieu of Dismissal

Since venue is not proper in this District, Section 1406(a) requires dismissal, or if it is in the interest of justice, transfer to a district where the action could have been brought.  28 U.S.C. § 1406(a).  Here, the interests of justice are not served by transfer of an action Plaintiff filed in an obviously improper forum with little if any connection to her dispute that appears to have been chosen as a result of forum shopping.  *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983); *see also Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993) (it is not in the "interest of justice" to transfer an action that was obviously filed in the wrong court).  Plaintiff obviously did not work or reside in California, and the unlawful acts are alleged to have occurred overseas.  Plaintiff pleads she is aware the company was sold before she filed the lawsuit, and presumably is aware that there is no connection to California.  *See* Complaint, ¶¶ 2, 5.  Under the circumstances, dismissal rather than transfer is warranted.

### 4.    If the Action Is Not Dismissed, the Proper Forum for Transfer Is the Eastern District of Virginia

If the action is not dismissed, the above analysis establishes that the proper venue under Title VII's venue statute for transfer purposes is the venue where the relevant employment records are maintained and PAE has its principal office − the Eastern District of Virginia, which covers Arlington, Virginia.  *Foxx v. Dalton*, 46 F.Supp.2d 1268, 1276 (M.D. Fla. 1999) (for Title VII claim alleging discrimination occurring outside the U.S., venue was proper in the location where the defendant had its principal office).

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 5572

487406-v9\PALDMS

CASE NO. CV12-7258 JFW (SHX)
DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

**B.    Even if this Court Were to Find Venue Is Proper in this District, the Action Should Still Be Transferred to the Eastern District of Virginia for Convenience**

Even if this Court were to find that Plaintiff has satisfied the requirements for establishing proper venue in this District, PAE moves in the alternative to transfer venue to the Eastern District of Virginia for convenience, pursuant to the forum non conveniens provisions of Section 1404(a).  28 U.S.C. § 1404(a); see also *Ex parte Collett*, 337 U.S. 55, 58-59 (1949) (Section 1404(a) applies to actions governed by special venue provisions); *Commodity Futures Trading Com'n. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (same).

Under Section 1404(a), the decision to transfer this action to the Eastern District of Virginia lies within the discretion of this Court.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) ("the district court has discretion to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness'"), citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

In deciding a motion to transfer under Section 1404(a), this Court must confirm the action could have been brought in the transferee venue, and consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice.  28 U.S.C. § 1404(a); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985); *Los Angeles Memorial Coliseum Com'n v. NFL*, 89 F.R.D. 497, 499 (C.D. Cal. 1981).  As discussed above, this action could have been brought in the Eastern District Virginia because PAE's principal office is in Arlington, Virginia, and the relevant employment records are located there.  Transfer to that forum is warranted for the convenience of the parties, the convenience of the witnesses, and in the interests of justice.

**1.    The Convenience of the Parties Favors Transfer to the Eastern District of Virginia**

With regard to convenience of the parties, the Eastern District of Virginia is

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 5572

487406-v9\PALDMS

plainly more favorable. PAE is headquartered in Virginia, and has no offices in California. Berry Decl., ¶¶ 2-3. The applicable records are located in Virginia; none are in California. *Id.* at ¶ 6. Were the action to proceed in California in lieu of Virginia, PAE would be required to transport witnesses and documents across the country for trial to a location that has little if any connection to the dispute. *Id.* at ¶ 8.

Similarly, Virginia is no less convenient than California for Plaintiff. Plaintiff is a resident of Texas. Complaint, ¶ 4. Texas is approximately equidistant from both California and Virginia, so Plaintiff would not be significantly inconvenienced by a Virginia venue. Although Plaintiff's *counsel* is in California, convenience of counsel is not a factor for a motion to transfer venue. "The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2008). The convenience of the parties favors transfer to the Eastern District of Virginia.

## 2. The Convenience of the Witnesses Favors Transfer to the Eastern District of Virginia

The Eastern District of Virginia also is a more convenient venue for witnesses. Plaintiff never worked for PAE in California, and PAE has no offices in California. Berry Decl., ¶¶ 3-4. PAE is not aware of any potential witnesses with knowledge of Plaintiff's former employment who are located in California. *Id.* at ¶ 7. By contrast, some potential witnesses are located in or near Virginia. *Id.* In addition, some potential witnesses are located in Djibouti, and it would be an undue hardship for them to have to fly initially to the East Coast and then travel across the country to a California venue for trial when they otherwise could fly directly into Washington, D.C. for a Virginia venue. *Id*. at 9.[3] The convenience of witnesses also favors

---

[3] U.S. residents who are stationed in foreign countries may suffer adverse tax consequences if they are present in the U.S. for more than a very short period of time. Internal Revenue Code Section 911(d)(1)(B) provides that U.S. citizens or residents working abroad must be physically present in a foreign country at least 330 full days per year to be eligible to avoid U.S. tax liability for income up to a certain level. I.R.C. § 911(d)(1)(B). U.S. residents who are stationed in foreign countries and wish to take advantage of that tax exclusion can only be in the U.S. for up to 35 days per

9

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 5572

487406-v9\PALDMS

CASE NO. CV12-7258 JFW (SHX)
DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

71  transfer to the Eastern District of Virginia.

**3.   The Interests of Justice Favor Transfer to the Eastern District of Virginia**

The interests of justice also favor transfer to the Eastern District of Virginia. Initially, courts recognize that the special venue provision of Title VII are "key factors in analyzing the 'interests of justice' prong of section 1404(a) analysis." *Ellis v. Costco Wholesale Corp*., 372 F.Supp.2d 530 (N.D. Cal. 2005).  As explained above, this District is an improper venue under Title VII's venue provision, and the Eastern District of Virginia is the proper venue.

Courts also have considered a number of other factors deciding whether to transfer venue for convenience, including: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the Plaintiff's cause of action in the chosen forum; (6) the differences in the cost of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses; and (8) the ease of access to sources of proof. *Jones, supra,* 211 F.3d at 498-99.  Consideration of these factors further establishes that transfer to the Eastern District of Virginia is warranted in the interests of justice.

First, the location where relevant agreements were negotiated and executed is not a significant factor.  This is not a breach of contract action.  All alleged unlawful acts are alleged to have occurred in Djibouti, Africa, not California.  Plaintiff baldly pleads she was "hired" in California, although it is unclear what that means factually. Plaintiff would not have signed her employment agreement in California, and would not have traveled to California for any work-related purpose.  Berry Decl., ¶ 4.

year.  Here, requiring such individuals to fly from overseas locations initially to the East Coast, and then fly across the country to California, potentially would steal valuable days in the U.S. from them that they otherwise could spend with their families and loved ones.  *See* Berry Decl., ¶ 9.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 5572

487406-v9\PALDMS

CASE NO. CV12-7258 JFW (SHX)
DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

1  Plaintiff never worked in California, instead she worked throughout her employment

2  in Djibouti.  Complaint, ¶¶ 8, 11; Berry Decl., ¶ 4.

3          Second, since this action arises solely under federal law, this District and the

4  Eastern District of Virginia are equally familiar with the governing law.

5          Third, Plaintiff's choice of this forum is not significant because she is not a

6  California resident and did not choose her home forum.  Plaintiff resides in Texas, and

7  has been a Texas resident at all relevant times.  Complaint, ¶ 4; Berry Decl., ¶ 4.

8              When the home forum has been chosen, it is reasonable to
              assume that this choice is convenient. When the plaintiff is
9              foreign, however, this assumption is much less reasonable.
              Because the central purpose of any forum non conveniens
10             inquiry is to ensure that the trial is convenient, a foreign
              plaintiff's choice deserves less deference.

11

12  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981); see also *In re Apple*, 602

13  F.3d 909, 913 (8th Cir. 2010) (foreign plaintiff's choice of forum is "entitled to

14  substantially less deference").

15         Further, a foreign plaintiff's choice of forum is afforded little deference if there

16  are indications of forum shopping, especially in situations where there is another

17  equally convenient forum.  *Reiffin v. Microsoft Corp.*, 104 F.Supp.2d 48, 54 n.12 (D.

18  D.C. 2000).  As analyzed above, Plaintiff chose a forum where she never lived nor

19  worked, and where PAE has no offices.  Since she is a Texas resident, the Eastern

20  District of Virginia is an equally convenient forum for her.

21         Fourth, PAE has substantially more contacts with Virginia − the location of its

22  headquarters and where the relevant records are maintained.  By contrast, PAE has no

23  offices in California.  As a Texas resident who worked throughout her employment in

24  Djibouti, Plaintiff lacks contacts with either forum.

25         Fifth, there are no contacts relating to the Plaintiff's cause of action in the

26  chosen forum.  All the unlawful acts alleged in the Complaint are alleged to have

27  occurred in Djibouti; none occurred in California.

28         Sixth, it would be significantly more costly for PAE to litigate in California

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 5572

11

487406-v9\PALDMS

CASE NO. CV12-7258 JFW (SHX)
DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

rather than near its headquarters in Virginia.  Berry Decl., ¶¶ 8-9.  Plaintiff resides in Texas, so her costs should not be significantly greater in either forum.

Seventh, availability of compulsory process to compel attendance of unwilling nonparty witnesses does not favor California because PAE is not aware of any witnesses located in California.  Berry Decl., ¶ 7.

Eighth, the ease of access to sources of proof greatly favors Virginia.  PAE is unaware of any sources of proof in California.  Berry Decl., ¶¶ 6-7.  Plaintiff herself is not located in California.  Complaint, ¶ 4.  For potential witnesses located in or near Virginia or overseas, Virginia is a far more favorable forum than California.  Berry Decl., ¶¶ 8-9.

## V.    CONCLUSION

For all the foregoing reasons, PAE respectfully requests that the Court issue an order dismissing the Complaint on the grounds of improper venue, or in the alternative, issue an order transferring the action to the Eastern District of Virginia.

Dated:   January 30, 2013                    BAKER & MCKENZIE LLP


By: /s/ Michael N. Westheimer
    Michael N. Westheimer
    Angela McIsaac
    Attorneys for Defendant
    PAE GOVERNMENT SERVICES,
    INC.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 5572

487406-v9\PALDMS

CASE NO. CV12-7258 JFW (SHX)
DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE