IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| DENIA DUFFY,<br><br>        Plaintiff,<br><br>v.<br><br>PAE GOVERNMENT SERVICES, INC.,<br><br>        Defendant. | Civil Action No.<br>2:13-cv-00066-RGD-TEM<br><br><br><br>Room: 193<br>Judge: Hon. Robert G. Doumar |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant PAE GOVERNMENT SERVICES, INC. (hereinafter "Defendant"), by and through its undersigned counsel, hereby submits the following Answer and Affirmative Defenses to the First Amended Complaint (hereinafter "Complaint")[1] of Plaintiff DENIA DUFFY (hereinafter "Plaintiff"), and responds as follows:

1. Paragraph 1 of the Complaint is Plaintiff's statement of her action, which is not factual in nature. To the extent it is deemed factual, Defendant admits Plaintiff's Complaint purports to allege causes of action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, but denies that any violation occurred. Defendant further admits that the Court has subject matter jurisdiction over this action. Any remaining allegations in Paragraph 1 of the Complaint are denied.

2. In response to the first sentence of Paragraph 2 of the Complaint, Defendant admits that at certain relevant times it was a wholly owned subsidiary of Lockheed Martin Corporation (hereinafter "Lockheed"), but is not currently a subsidiary of Lockheed. In response

---

[1] Although Plaintiff captioned her pleading as a "Verified" complaint, Plaintiff neither filed nor served any verification so her Complaint is unverified.

to the second sentence of Paragraph 2 of the Complaint, Defendants admits that it is registered to do business and does business in California, but denies that the U.S. District Court, Central District of California is a proper venue for this action. Any remaining allegations in Paragraph 2 of the Complaint are denied.

      3.      Defendant denies the allegations in Paragraph 3 of the Complaint.

      4.      In response to the first sentence of Paragraph 4 of the Complaint, Defendant lacks sufficient information to form a belief as to Plaintiff's current state of residence, and denies the allegation on that basis. In response to the second sentence of Paragraph 4 of the Complaint, Defendant admits that Plaintiff's race is African-American. Any remaining allegations in Paragraph 4 of the Complaint are denied.

      5.      In response to the first sentence of Paragraph 5 of the Complaint, Defendant admits it is incorporated in the state of California, and that its headquarters and principal place of business is in Arlington, Virginia. In response to the second sentence of Paragraph 5 of the Complaint, Defendant admits that it does business in California, that at certain relevant times it was a wholly owned subsidiary of Lockheed, and that it has more than 15 employees. In response to the third sentence of Paragraph 5 of the Complaint, Defendant admits that in 2011, a private equity fund purchased Defendant from Lockheed. Any remaining allegations in Paragraph 5 of the Complaint are denied.

      6.      The allegations in Paragraph 6 of the Complaint are too vague and overbroad for Defendant to be able to respond. To the extent a response is required, Defendant admits that one or more employees of Defendant took certain actions on behalf of Defendant and in the course and scope of their employment with Defendant in connection with Plaintiffs' former employment with Defendant, but denies that Plaintiff was subjected to any unlawful acts. Any remaining

allegations in Paragraph 6 of the Complaint are denied.

7.  In response to the first sentence of Paragraph 7 of the Complaint, Defendant admits that Plaintiff was employed by Defendant from August 23, 2007 to August 22, 2008. Defendant denies the allegations in the second sentence of Paragraph 7 of the Complaint. Any remaining allegations in Paragraph 7 of the Complaint are denied.

8.  Defendant denies the allegations in the first sentence of Paragraph 8 of the Complaint. In response to the allegations in the second sentence of Paragraph 8 of the Complaint, Defendant admits that throughout Plaintiff's employment with Defendant, Plaintiff worked at all times in Djibouti, Africa. Any remaining allegations in Paragraph 8 of the Complaint are denied.

9.  In response to Paragraph 9 of the Complaint, Defendant admits that Plaintiff is African-American and female. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, Defendant admits that throughout Plaintiff's employment with Defendant, Plaintiff worked at all times in Djibouti, Africa. Any remaining allegations in Paragraph 11 of the Complaint are denied.

12. The Complaint does not include any Paragraph 12. Any allegations deemed to constitute Paragraph 12 of the Complaint are denied on that basis.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. In response to Paragraph 15, subparts (a) and (b) inclusive of the Complaint, Defendant admits that Plaintiff willingly engaged in two isolated conversations with Mr. Hardy

that included content that did not comply with Defendant's zero tolerance policy, but denies the allegations in the Complaint as stated and denies that Plaintiff was subjected to any unlawful conduct. Defendant denies the remaining allegations in Paragraph 15, subparts (a) through (e) inclusive of the Complaint.

16. In response to Paragraph 16 of the Complaint, Defendant admits that it promptly investigated Plaintiff's allegations, and that certain allegations were investigated by Chelle Berry, who at the time held the position of HR Manager with Defendant. Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. In response to Paragraph 23 of the Complaint, Defendant admits it took prompt and appropriate action in response to any employee complaints, and denies that Plaintiff was treated differently because of her race or gender. Any remaining allegations in Paragraph 23 of the Complaint are denied.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. In response to Paragraph 25 of the Complaint, Defendant admits that Ms. Calhoun transferred to a different department during her employment with Defendant. Any remaining allegations in Paragraph 25 of the Complaint are denied.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. In response to Paragraph 29 of the Complaint, Defendant admits that Plaintiff raised certain allegations against Ms. Csepeli and that Plaintiff's allegations were not substantiated, but denies the allegations in the Complaint as stated and denies that Plaintiff was subjected to any unlawful conduct. Any remaining allegations in Paragraph 29 of the complaint are denied.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. In response to Paragraph 31 of the Complaint, Defendant admits that certain employees who worked with Plaintiff spoke critically about her work performance. Defendant denies the remaining allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint as stated.

35. The allegations in Paragraph 35 of the Complaint are too vague and overbroad for Defendant to be able to respond. To the extent a response is required, Defendant lacks sufficient information to form a belief about whether an unidentified person told Plaintiff the words alleged in Paragraph 35 the Complaint, and denies the allegations on that basis.

36. In response to Paragraph 36 of the Complaint, Defendant admits that on at least one occasion Plaintiff stated certain allegations to Ms. Berry, who at the time held the position of HR Manager with Defendant. Any remaining allegations in Paragraph 36 of the Complaint are denied.

37. In response to Paragraph 37 of the Complaint, Defendant admits that it promptly

investigated Plaintiff's allegations, that certain allegations were investigated by Ms. Berry, and that certain allegations were not substantiated. Any remaining allegations in Paragraph 37 of the Complaint are denied.

38. In response to Paragraph 38 of the Complaint, Defendant admits that during Plaintiff's employment with Defendant, Plaintiff wanted to have her blood pressure checked and Defendant's health department responded and took her vitals. The remaining allegations in Paragraph 38 of the Complaint are denied.

39. In response to Paragraph 39 of the Complaint, Defendant lacks sufficient information to form a belief as to whether the prescription medication Lexapro was prescribed to Plaintiff, and denies the allegation on that basis. The remaining allegations in Paragraph 39 of the Complaint are denied.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. In response to Paragraph 48 of the Complaint, Defendant lacks sufficient information to form a belief as to whether unidentified local Djiboutian employees told Plaintiff the statements alleged in Paragraph 48 the Complaint, and denies the allegations on that basis. Any remaining allegations in Paragraph 48 of the Complaint are denied.

49. In response to Paragraph 49 of the Complaint, Defendant admits that it supervised Plaintiff's work performance. The remaining allegations in Paragraph 49 of the Complaint are denied.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. In response to Paragraph 51 of the Complaint, Defendant admits that it promptly investigated Plaintiff's allegations. The remaining allegations in Paragraph 51 of the Complaint are denied.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. In response to Paragraph 54 of the Complaint, Defendant admits that Plaintiff made various complaints during her employment with Defendant. The remaining allegations in Paragraph 54 of the Complaint are denied.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. In response to Paragraph 56 of the Complaint, Defendant admits that Plaintiff made various complaints during her employment with Defendant. The remaining allegations in Paragraph 56 of the Complaint are denied.

57. In response to Paragraph 57 of the Complaint, Defendant admits that Plaintiff made various complaints during her employment with Defendant. The remaining allegations in Paragraph 57 of the Complaint are denied.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. In response to Paragraph 59 of the Complaint, Defendant admits that it did not subsequently employ Plaintiff after her one-year employment contract expired on August 23, 2008, and that her employment with Defendant ended on August 23, 2008. The remaining

allegations in Paragraph 59 of the Complaint are denied.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. In response to Paragraph 61 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 60 of the Complaint as though fully set forth herein.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. The allegations in Paragraph 63 of the Complaint are too vague and overbroad for Defendant to be able to respond. To the extent a response is required, Defendant denies engaging in any unlawful conduct toward Plaintiff, whether intentional or otherwise.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. In response to Paragraph 66 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 65 as though fully set forth herein.

67. The allegations in Paragraph 67 of the Complaint state legal conclusions to which no response is required, but to the extent they are deemed factual in nature, Defendant denies them.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. In response to Plaintiff's request for judgment against Defendant, subparts 1 through 7 inclusive, Defendant denies that Plaintiff is or may be entitled to any form of relief, or to any remedy of any type or in any amount with regard to any matters set forth in the

Complaint, and further denies that there is any factual or legal basis on which any dispute between Plaintiff and Defendant could or should be resolved in favor of Plaintiff.

73. Except as expressly admitted herein, any remaining allegations in the Complaint are denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each cause of action alleged therein, is barred to the extent any laws of the United States alleged to have been violated lack extraterritorial application.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by Plaintiff's failure to timely and adequately exhaust the required administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

This action should be dismissed or transferred because it was filed or pending in an improper district or division, or alternatively, should be transferred to a different district or division based on forum non conveniens.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part as time-barred due to Plaintiff's failure to comply with the applicable statutes of limitations, including but not limited to those applicable to claims brought under Title VII and 42 U.S.C. § 1981.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's actions, if any, were justified, and were taken for lawful and appropriate business reasons.

## SIXTH AFFIRMATIVE DEFENSE

Any act or omission of Defendant, if any, was motivated by legitimate, non-discriminatory, non-retaliatory business reasons.

## SEVENTH AFFIRMATIVE DEFENSE

Any act or omission of Defendant, if any, was a just and proper exercise of management

discretion on the part of Defendant, undertaken for a fair and honest reason and in good faith under the circumstances then existing and as known to Defendant, pursuant to reasonable business justifications in the reasonable exercise of business judgment, and were reasonably related to a legitimate business purpose, and unrelated to any protected status of Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each cause of action therein, is barred because the acts complained of, which are at all times denied, were undertaken in good faith, and Defendant acted in a manner authorized and/or required by applicable law which controls Plaintiff's rights, if any, with regard to the matters alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part because Defendant cannot be held vicariously liable, or liable under the theory of respondeat superior.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff knowingly, willingly and voluntarily entered into and engaged in the acts alleged, if any there were. Plaintiff knowingly, willingly and voluntarily assumed all risks incident to said acts, and that assumption of risk was the sole proximate cause for her alleged damage, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff is barred because it would constitute unjust enrichment.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part because Defendant exercised reasonable care to prevent and promptly correct any allegedly unlawful conduct, if any there was, (which defendant denies), and because Plaintiff unreasonably failed to utilize appropriate corrective mechanisms to avoid harm otherwise.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff is barred in whole or in part by Plaintiff's failure to mitigate her damages, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action for attorney's fees.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state facts sufficient for an award of punitive damages, or any other general or special damages.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover the punitive damages sought in the Complaint because such damages would violate Defendant's rights under the United States Constitution, including the right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiff receives or has received any monies related to the allegations in her Complaint, Defendant is entitled to an offset from Plaintiff to the full extent permitted by law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges Defendant was obligated to enter or further perform under a contract, such performance, if any, was excused by Plaintiff's failure to perform according to the terms and conditions of her contract.

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

To the extent Plaintiff alleges Defendant was obligated to enter or further perform under a contract, such performance, if any, was excused by the doctrine of impracticability.

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to set out her claims with sufficient particularity to permit Defendant to raise all appropriate defenses, and Defendant therefore reserves the right to add further defenses as the basis for Plaintiff's purported claims become known.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of her Complaint;

2. That Plaintiff's Complaint, and all causes of action pled therein, be dismissed with prejudice, and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded its costs of suit incurred in this action, including reasonable attorney's fees; and

4. For such other and further relief as the Court may deem as just and proper.

Dated: March 8, 2013

By: /s/ John P. Rowley
John P. Rowley III (VA Bar No. 19804)
BAKER & McKENZIE LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006-4078
Telephone: +1 202 835 6151
Facsimile: +1 202 416 7151
Email: john.rowley@bakermckenzie.com

Attorney for Defendant
PAE GOVERNMENT SERVICES, INC.

## **CERTIFICATE OF SERVICE**

     I, the undersigned, hereby certify that on this 8th day of March, 2013, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court and served upon opposing counsel and counsel for the other defendants using the CaseFileXpress electronic filing system.

                                                 /s/ John P. Rowley_____
                                                 John P. Rowley III