IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| DENIA DUFFY,<br><br>   Plaintiff,<br><br>  v.<br><br>PAE GOVERNMENT SERVICES, INC.,<br><br>   Defendant. | Civil Action No.<br>2:13-cv-00066-RGD-TEM<br><br><br>Room: 193<br>Judge: Hon. Robert G. Doumar |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR INTRA-DISTRICT TRANSFER TO THE <u>ALEXANDRIA DIVISION</u>**

## I. INTRODUCTION

Pursuant to Local Rule 3(C) and the related provisions of 28 U.S.C. §§ 1404 and 1406, Defendant PAE Government Services, Inc. (hereinafter "Defendant" or "PAE"), through the undersigned counsel, submits the following points and authorities in support of its Motion for Intra-District Transfer to the Alexandria Division. Transfer is warranted because this Division is an improper venue, and because the Alexandria Division is the proper venue and a more convenient forum.

## II. STATEMENT OF FACTS

PAE is a corporation that supports its customer, the U.S. military, with mission readiness, peacekeeping, global infrastructure support and disaster relief, including providing base operations support for the U.S. military at Camp Lemonnier in Djibouti, Africa. Declaration of Iris Chelle Berry ("Berry Decl."), ¶ 4. Plaintiff Denia Duffy was formerly employed with PAE on a one-year contract, from August 2007 to August 2008. *Id.* at ¶ 3; First Amended Complaint ("Complaint"), ¶ 7. Throughout her employment, Plaintiff worked in Djibouti, Africa. Berry

Decl., ¶ 4; Complaint, ¶¶ 8, 11. All unlawful acts alleged in the Complaint are alleged to have occurred in Djibouti, Africa. Berry Decl., ¶ 5; Complaint, *passim*. Throughout her employment and at the time she filed her Complaint, Plaintiff was a resident of Texas. Berry Decl., ¶ 4; Complaint, ¶ 4.

At time Plaintiff initiated this action and continuing through the present, PAE's principal place of business is located at its headquarters in Arlington, Virginia. Berry Decl., ¶¶ 2-3; Declaration of John Pitsenberger ("Pitsenberger Decl."), ¶ 4. PAE's headquarters in Arlington, Virginia is its nerve center, where PAE's officers direct, control and coordinate its business activities. Berry Decl., ¶ 2. PAE handles human resources functions out if its Arlington, Virginia headquarters. *Id.* at ¶ 3. The relevant records in Virginia are located at the Arlington, Virginia headquarters. *Id.* at ¶¶ 6, 8.

All of PAE's business operations within Virginia are concentrated in the counties of Alexandria and Fairfax. Pitsenberger Decl., ¶ 4. PAE does not engage in any business operations nor own any property within this Division. *Id.* PAE does not have any employees who work within this Division *Id.* PAE does not incur any local taxes or engage in any revenue generating activities within this Division. *Id.* PAE does not have any business activities in this Division. *Id.*

### III. PROCEDURAL HISTORY

Plaintiff commenced this action against PAE on August 23, 2012, in the U.S. District Court, Central District of California. On December 18, 2012, Plaintiff filed the operative First Amended Complaint ("Complaint").[1]

---

[1] Although Plaintiff titled it a "Verified" Complaint, the document PAE received is signed only by her attorney and does not include any verification by Plaintiff.

The Complaint pleads two causes of action. The First Claim for Relief is pled under 42 U.S.C. § 1981. The Second Claim for Relief is pled under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a).

On January 30, 2013, PAE filed a motion to dismiss for improper venue under Federal Rule 12(b)(3), or alternatively, to transfer venue to this District. On February 6, 2013, the parties submitted a joint stipulation to transfer this action to this District. Although the parties did not specify the Division within this District for the transfer, the supporting documents described Arlington, Virginia as the location of PAE's principal place of business, headquarters, nerve center, and location where the relevant documents are maintained. *See* Berry Decl.

## IV. ARGUMENT

Local Rule 3(C) provides the basis for determining venue within the Eastern District of Virginia:

> Civil actions for which venue is proper in this district shall be brought in the proper division, as well. The venue rules stated in 28 U.S.C. § 1391 et seq. also shall apply to determine the proper division in which an action shall be filed. For the purpose of determining the proper division in which to lay venue, the venue rules stated in 28 U.S.C. § 1391 et seq. shall be construed as if the terms "judicial district" and "district" were replaced with the term "division."

### A. Plaintiff's Action Should Be Transferred Because this Division is an Improper Venue and the Alexandria Division is the Proper Venue

Local Rule 3(C) provides for a determination of the proper Division within this District by applying the federal venue rules statutes set forth in 28 U.S.C. §1391, et seq. As stated in PAE's previous venue motion, this action actually is governed by Title VII's specific venue statute rather than the general venue statute of 28 U.S.C. § 1391. PAE has not found any authority addressing whether the Court applies the specific venue statute or the general venue statute for

an intra-district transfer motion under Local Rule 3(C). It makes no difference either way, however, because under either venue provision this Division is an improper venue and the Alexandria Division is the proper venue.

### 1. Under the General Venue Statute in 28 U.S.C. Section 1391, this Division is an Improper Venue and the Alexandria Division is the Proper Venue

The general venue statute, as referenced in Local Rule 3(C) to be applied for intra-district venue purposes, provides as follows:

> A civil action may be brought in - (1) a [division] where any defendant resides, if all defendants are residents of the State in which the [division] is located; (2) a [division] in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no [division] in which an action may otherwise be brought as provided in this section, any [division] in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under this substituted version of 28 U.S.C. § 1391(a), it is clear that venue in this case is not proper in the Norfolk Division for two reasons.

First, PAE is a resident of the Alexandria Division, and not this Division. For purposes of the venue statutes, PAE is deemed a resident of any division in the District in which it is subject to the Court's personal jurisdiction with respect to this civil action. 28 U.S.C. § 1391(c)(2); *see Koh v. Microtek, Int'l, Inc.*, 250 F.Supp.2d 627, 630 (E.D. Va. 2003) (noting that where none of the defendants or plaintiff resided in the forum and the record did not reflect that any infringing activity had ever occurred in the forum, venue transfer was warranted).[2] Applying this standard, PAE cannot be considered a resident of this Division. PAE does not have any business activities nor engage in any business operations within this Division. Pitsenberger

---

[2] For venue purposes, a defendant corporation resides in a jurisdiction "in which it is subject to personal jurisdiction at the time the action is commenced." *Tenefrancia v. Robinson Export & Import Corp.*, 921 F.2d 556, 559 n. 2 (4th Cir. 1990).

Decl., ¶ 4. PAE does not engage in any revenue generating activities or incur any local taxes within this Division. *Id.* PAE does not own any property or have any employees working in this Division. *Id.* Within this District, PAE is solely a resident of the Alexandria Division – the location of its headquarters and where it has business operations, employees and applicable personnel records. Pitsenberger Decl., ¶ 4; Berry Decl., ¶ 8. Therefore, PAE is a resident of the Alexandria Division, and not this Division, for purposes of determining which intra-district venue is proper.

Second, no unlawful employment practices are alleged to have occurred in this Division. Rather, all unlawful acts pled in the Complaint are alleged to have occurred in Djibouti, Africa. Complaint ¶¶ 8, 11; Berry Decl., ¶ 5. No events giving rise to Plaintiff's claims are in any way related to this Division.

The Section 1391 criteria are not satisfied in this Division. This Division is an improper forum under Local Rule 3(C), and this action must be transferred to the Alexandria Division.

### 2. The Specific Venue Rules of Title VII Also Support Transfer When Applied Through Local Rule 3(C)

Even if this Court were to rule that Title VII's specific venue statute applies instead of the general venue provision of 28 U.S.C. § 1391 for purposes of determining the proper venue of this action, the result is the same. If Local Rule 3(C) is applied to the specific venue statute, an action arising under Title VII shall be brought:

> in [1] any [division] in the State, in which the unlawful employment practice is alleged to have been committed, [2] in the [division] in which the employment records relevant to such practice are maintained and administered, or [3] in the [division] in which the aggrieved person would have worked but for the alleged unlawful employment practice, but [4] if the respondent is not found within any such [division], such an action may be brought within the [division] in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3)

In that case, there still is no basis under 42 U.S.C. § 2000e-5(f)(3) for venue in this Division. First, as explained above, no unlawful employment practices are alleged to have occurred in this Division. Second, no employment records relevant to the alleged unlawful employment practices are maintained in this Division. Berry Decl., ¶ 6. Rather, relevant employment records are maintained at PAE's headquarters in the Alexandria Division. *Id.* Third, Plaintiff does not allege that she would have worked in this Division but for the alleged unlawful employment practices. Throughout her employment, Plaintiff worked in Djibouti, Africa. Complaint, ¶¶ 8, 11; Berry Decl., ¶ 4. Finally, PAE's principal office is located in the Alexandria Division, not this Division. Berry Decl., ¶¶ 2-3; Pitsenberger Decl., ¶ 4.

Under either the general venue provision of 28 U.S.C. § 1391 or Title VII's specific venue provision, venue is proper in the Alexandra Division, and is improper in this Division. PAE respectfully requests that the Court transfer the action to the Alexandria Division accordingly.

### B. Even if this Court Were to Find Venue is Proper in this Division, Transfer to the Alexandria Division is Proper Based on Forum Non Conveniens

Even if this Court were to find venue is proper in this Division, the action should still be transferred to the Alexandria Division for convenience, pursuant to the forum non conveniens provisions of 28 U.S.C. § 1404(a). Under Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

This Court has discretionary authority to transfer the action to another division pursuant to Section 1404(a), which permits transfers either to other districts or other divisions. 28 U.S.C. § 1404(a); *see Mullins v. Equifax Info. Services, LLC,* No. 3:05CV888, 2006 U.S. Dist. LEXIS

24650, 9-13 (E.D. Va. 2006) (Section 1404(a) places discretion with the district court to adjudicate intra-dsitrct motions for transfer).

In determining whether to grant a motion to transfer under Section 1404(a), this Court must confirm the action could have been brought in the transferee venue,[3] and consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); *General Foam Plastics Corp. v. Kraemer Export Corp.*, 806 F. Supp. 88, 89 (E.D. Va. 1992) (considering the location of plaintiff's principal place of business, records and witnesses in ruling on a motion to transfer venue for forum non conveniens).

With regard to convenience of the parties, the Alexandria Division is plainly more favorable. PAE is headquartered in City of Arlington in the Alexandria Division, and has no business operations or contacts with this Division. Pitsenberger Decl., ¶ 4. Similarly, the Alexandria Division is no less convenient than the Norfolk Division for Plaintiff. Plaintiff is a resident of Texas. Complaint, ¶ 4. Texas is equidistant from the Alexandria Division and this Division, so Plaintiff would not be inconvenienced by proceeding in the Alexandria Division in lieu of this Division. Moreover, even if Plaintiff were to retain counsel who is located in this Division, that is not a relevant factor for venue purposes. *Cognitronics Imaging Systems, Inc. v. Recognition Research, Inc.*, 83 F.Supp. 2d 689 (E.D. Va. 2000) ("convenience to counsel is not an appropriate matter for consideration in resolving the appropriateness of a motion to transfer venue.").

As for records and witnesses, at least some are located in the Alexandria Division and none are located in this Division. Berry Decl., ¶ 8; Pitsenberger Decl., ¶ 4. This Division is an

---

[3] As established in the above analysis of proper venue, this action could have been brought in the Alexandria Division.

inconvenient venue because it has no connection to the dispute.

Moreover, the convenience of witnesses also favors transfer to the Alexandria Division. Given that some potential witnesses are located in Djibouti, for trial such witnesses would fly directly into Washington, D.C. Berry Decl., ¶ 7. The Alexandria Division is significantly closer to Washington, D.C. than this Division, so a trial in the Alexandria Division would involve less cost and much less inconvenience for overseas witnesses.

Finally, the interest of justice would be served by a transfer to the Alexandria Division for all of the above reasons. It serves no interest for the action to proceed in an inconvenient forum that has no connection to the dispute.

## V. CONCLUSION

For all the foregoing reasons, PAE respectfully requests that the Court issue an order transferring the action to the Alexandria Division.

Date: 3/22/13

By: /s/ John P. Rowley
John P. Rowley III (VA Bar No. 19804)
BAKER & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006-4078
Telephone: +1 202 835 6161
Facsimile:  +1 202 416 7151
Email: john.rowley@bakermckenzie.com

Attorney for Defendant
PAE GOVERNMENT SERVICES, INC.