IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| DENIA DUFFY,<br><br>        Plaintiff,<br><br>    v.<br><br>PAE GOVERNMENT SERVICES, INC.,<br><br>        Defendant. | Civil Action No.<br>2:13-cv-00066-RGD-TEM<br><br><br>Room: 193<br>Judge: Hon. Robert G. Doumar |

**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM
IN OPPOSITION TO MOTION FOR INTRA-DISTRICT
TRANSFER TO THE ALEXANDRIA DIVISION**

Defendant PAE Government Services, Inc. (hereinafter "Defendant" or "PAE"), through the undersigned counsel, respectfully submits the following Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Intra-District Transfer to the Alexandria Division.

**I.    ARGUMENT**

Plaintiff fundamentally misconstrues the grounds upon which an intra-district transfer within the Eastern District of Virginia must be granted. Intra-district venue in the Eastern District of Virginia is governed by Local Rule 3(C), which requires that civil actions properly in this District also be brought in the proper Division. The proper Division is determined by the venue rules stated in 28 U.S.C. § 1391 *et. seq.*, as provided in Local Rule 3(C). In its motion, PAE discussed the applicability of Local Rule 3(C) and Section 1391, and established that venue is improper in the Norfolk Division and that this action must be transferred to the Alexandria Division. In her opposition, Plaintiff makes no effort to address – indeed fails to mention – Local Rule 3(C) or Section 1391. Instead of addressing the relevant law governing intra-district transfers, Plaintiff offers only a preference for proceeding in the Division where her counsel is

located and vague allegations of delay tactics.

### A. Plaintiff Avoids Addressing the Requirements of Local Rule 3(C); therefore, this Action Should be Transferred to the Alexandria Division.

Although PAE established in its intra-district venue motion and supporting filings that Local Rule 3(C) requires transfer to the Alexandria Division because this Division is an improper venue under Section 1391, Plaintiff does not address any of the Section 1391 factors in her opposition.[2] PAE has shown, and Plaintiff does not dispute, that within this District PAE is solely a resident of the Alexandria Division. Further, Plaintiff does not allege that any unlawful employment practices occurred in this Division or that her claims are any way related to this Division. In sum, Plaintiff does not dispute that the Section 1391 criteria are not satisfied.[3]

Rather than respond to the legitimate justifications for transfer, Plaintiff mistakenly agues that PAE fails "to offer specific support for its position." Plaintiff's Opposition, Page 4. Contrary to Plaintiff's assertion, PAE provided compelling evidence, <u>submitted in affidavit form</u>, to show that venue is improper in this Division. Although Plaintiff acknowledges that the Berry Declaration shows that PAE headquarters and relevant original records are located within the Alexandria Division, she ignores the Pitsenberger Declaration, claiming instead that PAE did not "support its position by affidavit." The Pitsenberger Declaration establishes that PAE does not have sufficient contacts with the Norfolk Division for venue to be proper here. Because PAE has

---

[2] Section 1391, the general venue statute, as referenced in Local Rule 3(C) provides that venue is proper in (1) a [division] where any defendant resides, if all defendants are residents of the State in which the [division] is located; (2) a [division] in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no [division] in which an action may otherwise be brought as provided in this section, any [division] in which any defendant is subject to the court's personal jurisdiction with respect to such action.

[3] Plaintiff similarly ignores the specific venue rules of Title VII which also support transfer to the Alexandria Division when applied through Local Rule 3(C).

offered ample supporting facts, this Court should disregard Plaintiff's claim that PAE lacks information sufficient to support the transfer.

This Court should also reject that argument because it is based on inapposite authority. To bolster her argument that PAE "has not provided any support" (Plaintiff's Opposition, Page 4) for an intra-district transfer, Plaintiff cites[4] inapplicable authority, such as *Board of Trustees v. Baylor Heating & Air Conditioning*, 702 F. Supp. 1253 (E.D. Va. 1998). In *Board of Trustees v. Baylor* the court did not consider Local Rule 3(C) or Section 1391. Rather, it denied the defendant's forum non conveniens motion to transfer outside the Eastern District of Virginia because this district was the plaintiff's home forum and convenient for the plaintiff's witness, the alleged harm occurred in and the plaintiff's records and employees were located here. Plaintiff cites irrelevant language from that opinion in an attempt to prop up her claim that PAE lacks evidentiary support, a claim disproven by PAE's briefing and the Berry and Pitsenberger Declarations.

As explained above, Plaintiff ignored the controlling legal authority and focused exclusively on unrelated and distinguishable cases. In contrast, PAE provided compelling evidence to support its motion to transfer pursuant to Local Rule 3(C). PAE accordingly requests that this Court grant its motion and transfer this case to the Alexandria Division.

---

[4] Plaintiff also references, without any form of citation, what PAE understands to be an unpublished order in *Padin v. Oyster Point*, 397 F.Supp.2d 712 (E.D. Va 2005).

### B. Plaintiff's Irrelevant Choice of Forum Argument Does Not Make Venue Proper in this Division Under 28 U.S.C. § 1404(a).

As shown in PAE's motion to transfer and in supporting filings, even if this Court were to find that venue is proper in this Division, the action still should be transferred to the Alexandria Division for convenience, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice." Just as Plaintiff failed to address the specific requirements of Section 1391, she also failed to offer any meaningful response to PAE's Section 1404(a) analysis justifying transfer to the Alexandria Division for purposes of convenience. Instead, Plaintiff merely asserts that the Norfolk Division is her preferred choice of venue. This argument is inadequate for two reasons.

*First*, the general principle that a plaintiff's venue preference is owed deference applies when the plaintiff has a connection to the forum. *General Foam Plastics Corp. v. Kraemer Export Corp.*, 806 F. Supp. 88, 89 (E.D. Va. 1992) (considering the location of plaintiff's principal place of business, records and witnesses in ruling on a motion to transfer venue for forum non conveniens). Here, Plaintiff is a resident of Texas, not the Norfolk Division. Complaint, ¶ 4. Moreover, Plaintiff fails to show any connection between her claims, herself, PAE or this action, and the Norfolk Division.

Plaintiff cites *Medicenters of America, Inc. v. T and V Reality Equipment Corp.*, 371 F. Supp. 1180 (E.D. Va 1974) for the proposition that her choice of forum deserves great deference. Indeed the *Medicenters* court notes that "the *initial* choice of forum, from among those *possible*, is a privilege given to the Plaintiff." *Medicenters*, 371 F. Supp at 1184. In this case, Plaintiff's "initial choice" of forum was California. Further, the privilege only extends to "possible"

venues, of which the Norfolk Division is not included. Significantly, in *Medicenters*, the Court granted defendant's motion to transfer venue from the Richmond Division to the Norfolk Division, because defendant's business office was in the Norfolk Division and all of its business records are kept there. *Id.* at 1183. PAE has made a similar showing in support of its motion to transfer to Alexandria – the Division where its office and records are located.

*Second*, Plaintiff selects this Division as her preferred choice based on the location of Plaintiff's counsel. Although Plaintiff's counsel is located in the Norfolk Division, as indicated in Plaintiff's Opposition, the convenience of counsel is not a pertinent consideration. *Cognitronics Imaging Systems, Inc. v. Recognition Research, Inc.*, 83 F.Supp. 2d 689, 698 (E.D. Va. 2000).

In response to PAE's analysis showing the Norfolk Division is improper, Plaintiff has failed to offer any justification for proceeding in this Division. Plaintiff already had an opportunity to bring this action in her preferred choice of venue at the outset of this case. Plaintiff's arbitrary preferences are irrelevant to the present motion, where Local Rule 3(C) requires transfer to the Alexandria Division.

## II.     CONCLUSION

For all the foregoing reasons, PAE respectfully requests that the Court grant its motion and issue an order transferring this action to the Alexandria Division.

Date:  April 8, 2013

By: _____
John P. Rowley III (VA Bar No. 19804)
BAKER & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006-4078
Telephone:  +1 202 835 6161
Facsimile:   +1 202 416 7151
Email:  john.rowley@bakermckenzie.com
Attorney for Defendant
PAE GOVERNMENT SERVICES, INC.