IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DENIA DUFFY,

      **Plaintiff,**

v.                                                                                                                 Civil No. 2:13cv66

PAE GOVERNMENT SERVICES, INC.,

      **Defendant.**

## ORDER

This is an employment discrimination case. The plaintiff's original complaint was filed on August 23, 2012, in the United States District Court for the Central District of California. An amended complaint was filed there on December 18, 2012. On February 6, 2012, pursuant to a stipulation filed by the parties, the California court entered an order transferring the case to this Court, the United States District Court for the Eastern District of Virginia. On March 8, 2013, the defendant answered the complaint.

For reasons that are unclear, upon receipt from the California court, this case was administratively assigned to the Norfolk Division of this Court. The defendant has now filed a motion for an intra-district transfer of this action to the Alexandria Division of this Court. In support, the defendant notes that its corporate headquarters are located in Arlington County, with its other offices and personnel concentrated in Fairfax County and the City of Alexandria, all of which fall within the territory comprising the Alexandria Division. See Local Civ. R. 7(B)(1). Moreover, at least some of the records and witnesses relevant to this action are located within the Alexandria Division, and none are in the Norfolk Division. Finally, the plaintiff is a resident of Texas and none

of the allegedly unlawful employment practices are alleged to have occurred within this division. Based on this information, the proper venue for this case is the Alexandria Division, not this division. See Local Civ. R. 7(C).

In her opposition brief, the plaintiff identifies no affirmative reason why the case should be venued in the Norfolk Division rather than the Alexandria Division. Her brief includes a recital that a "[p]laintiff's choice of forum is entitled to substantial deference," but the only forum "chosen" by the plaintiff in this case was the Central District of California, where she filed her original complaint. The plaintiff subsequently stipulated to a transfer of the case to the Eastern District of Virginia, where the defendant is headquartered, and neither the stipulation nor the proposed order that accompanied it expressed a preference for any particular division within this district. It was only once the defendant requested a transfer to the proper division that the plaintiff first expressed her preference for the Norfolk Division, and this appears to be little more than reflexive opposition—rooted perhaps in the interests of plaintiff's counsel, whose office is located in this division.

Accordingly, the defendant's motion is **GRANTED** and the Clerk is **DIRECTED** to transfer this case to the Alexandria Division for further proceedings.

**IT IS SO ORDERED.**

April 26, 2013
Norfolk, Virginia

/s/
Robert G. Doumar
Senior United States District Judge